# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

CR22-227CRB

UNITED STATES OF AMERICA,

V.

SHAUKAT SHAMIM

**FILED**

Jun 14 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DEFENDANT(S).

## INDICTMENT

15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 – Securities Fraud;
18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this  14  day of

June 2022  .

Clerk

Bail, $ No process

NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

FILED

Jun 14 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR22-227CRB

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHAUKAT SHAMIM, <br><br> Defendant. | CASE NO. 3:20-mj-70966 MAG <br><br> VIOLATIONS: <br> 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 – Securities Fraud; <br> 18 U.S.C. § 1343 – Wire Fraud; <br> 18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture <br><br> SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Information:

1. The defendant, Shaukat SHAMIM, resided in the Northern District of California.

2. In 2013, SHAMIM founded Youplus Inc. ("YouPlus"), which claimed to be developing what SHAMIM referred to as a "Video Opinion Search Engine." By August 2018, YouPlus had launched its first product. SHAMIM and YouPlus claimed that the company's software used artificial intelligence to extract opinions from online videos. The software would then compile these extracted opinions and provide them to YouPlus's customers. As of August 2018, YouPlus's website claimed that

INDICTMENT                                  1

1  "Youplus helps marketers solve key questions by learning what the video web is thinking and feeling,
2  and then indexing its relevant contents." According to SHAMIM and YouPlus, this software would
3  enable companies to efficiently gauge feedback on their products, and it would be more cost effective
4  than conducting traditional market research, which relied on labor-intensive focus groups.

5       3.      The entity identified in this indictment as VC Fund A was a venture capital firm
6  headquartered in San Jose, California, in the Northern District of California.

7       4.      Investor A was an individual who resided in the Northern District of California. Investor
8  A was the founder and managing director of VC Fund A.

9       5.      Investor B was an individual who resided in New Jersey. Investor B was a member of
10 VC FUND A's investment committee.

11      6.      The entity identified in this indictment as Investor C was a university located in South
12 Carolina. Investor D was on the investment committee for Investor C's endowment fund.

13      7.      Investors in YouPlus were typically issued promissory notes convertible to YouPlus
14 preferred stock, which constitute securities under the provisions of Title 15, United States Code, Section
15 78j(b) and Title 17, Code of Federal Regulations, Section 240.10b-5. SHAMIM's misrepresentations
16 were thus in connection with the purchase and sale of YouPlus securities.

17                          The Scheme to Defraud

18      8.      Throughout the course of 2018 and 2019, SHAMIM made a series of false and fraudulent
19 misstatements of fact to potential investors in YouPlus. For example, in September 2018, SHAMIM
20 sent documents to potential investors, including Investor A, claiming that, as of September 2018,
21 YouPlus was earning monthly revenue of $579,500, which would amount to yearly revenue of nearly
22 $7,000,000. This was false. In reality, YouPlus's monthly revenue as of September 2018 was
23 negligible. Between December 2018 and March 2019, and in reliance on the statements above, VC
24 Fund A invested approximately $1.4 million in exchange for two convertible promissory notes. The
25 terms of these notes enabled VC Fund A to convert them into preferred shares once YouPlus completed
26 its first round of equity financing. SHAMIM made these false statements with the intent to cause
27 investors to invest in YouPlus, and those representations were in connection with the purchase and sale,
28 via convertible promissory notes, of YouPlus shares.

9. SHAMIM also made false and fraudulent misstatements of fact to Investor B in connection with a potential investment in YouPlus. Specifically, SHAMIM sent an email to Investor B in November 2018 that claiming that YouPlus had a variety of large corporate clients, including but not limited to Samsung, Unilever, General Mills, Nestle, BMW, and Lexus. In reality, none of these entities was a paying customer of YouPlus. These claims created the false impression that YouPlus's services had traction in the marketplace and were sufficiently compelling to command the attention of numerous multi-national corporations. In reliance on these false statements, Investor B invested approximately $50,000 in YouPlus on or about December 18, 2018. SHAMIM made these false statements with the intent to cause others to invest in YouPlus, and those representations were in connection with the purchase and sale, via convertible promissory notes, of YouPlus shares.

10. SHAMIM's scheme to defraud continued into 2019, when he began asking existing investors for additional capital. An individual associated with one of those investors requested customer contracts and bank statements from SHAMIM in order to consider whether to invest further. SHAMIM thereafter provided a doctored version of YouPlus's bank statement from August 2019. This doctored bank statement reflected deposits from a variety of ostensible YouPlus customers, including Coca-Cola, Kraft, and Netflix. In reality, these entities were not paying customers of YouPlus, and the true bank statement for that period reflected only one $65,000 deposit from a customer in August 2019.

11. Other investors in YouPlus who relied on SHAMIM's false statements include Investor C, a university whose endowment fund invested approximately $2,000,000, and Investor D, a member of Investor C's investment committee who invested at least approximately $100,000.

COUNTS ONE THROUGH THREE: (18 U.S.C. § 1343 – Wire Fraud)

12. Paragraphs 1 through 11 are all realleged as if set forth fully here.

13. On or about the dates set forth below, within the Northern District of California, and elsewhere, the defendant,

SHAUKAT SHAMIM

for the purpose of executing the material scheme and artifice to defraud investors, and for obtaining money and property from investors by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose, did knowingly transmit and

INDICTMENT                                    3

cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is, wire transfers using the Fedwire fund transfer systems, as explained in the chart below.

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | On or about October 10, 2018 | Wire transfer using the Fedwire fund transfer system in the amount of $2,000,000, constituting a payment to a Youplus bank account from Investor C |
| 2 | On or about December 18, 2018 | Wire transfer using the Fedwire fund transfer system in the amount of $50,000, constituting a payment to a Youplus bank account from Investor B |
| 3 | On or about May 7, 2019 | Wire transfer using the Fedwire fund transfer system in the amount of $100,000, constituting a payment to a Youplus bank account from Investor D. |

Each in violation of Title 18, United States Code, Section 1343.

COUNT FOUR:      (15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5 - Securities Fraud)

14. The factual allegations in Paragraphs 1 through 13 are re-alleged and incorporated herein as if set forth in full.

15. Beginning at an unknown date, but no later than September 2018, and continuing to in or about July 2020, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

SHAUKAT SHAMIM,

willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and course of business which operated and would operate as a fraud and deceit upon persons, specifically, SHAMIM made materially false and fraudulent representations and concealed material facts about YouPlus's revenue to induce a $1.4 million investment from VC Fund A in exchange for notes allowing

INDICTMENT                                       4

VC Fund A to convert its equity into shares of YouPlus.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5.

<u>FORFEITURE ALLEGATION</u>: 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) (Criminal Forfeiture)

22. All of the allegations contained in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

23. Upon a conviction for the offenses alleged in Counts One through Four of this Indictment, the defendant,

SHAUKAT SHAMIM,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the result of those violations, including, but not limited to, all real property or personal.

24. If any of the aforementioned property, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

//
//
//
//
//
//

INDICTMENT             5

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: June 14, 2022                              A TRUE BILL.

                                                  /s/
                                                  FOREPERSON

STEPHANIE HINDS
United States Attorney

/s/ Andrew F. Dawson
ANDREW F. DAWSON
Assistant United States Attorney

INDICTMENT                                        6